Filed 10/20/20  P. v. Dusharm CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C091518 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF19-02303-02) |
| v. | |
| RAINYSKIES JACK DUSHARM, | |
| Defendant and Appellant. | |

After defendant Rainyskies Jack Dusharm pleaded no contest to making a criminal threat, the trial court sentenced him to six years in state prison and imposed an $1,800 restitution fine, as well as court operations and facilities assessments.  Relying on *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), defendant argues the fine and assessments should have been stayed pending a hearing on his ability to pay.  We will affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

Defendant got into an argument with the victim, a man he passed while walking down the street.  During the argument, defendant drew a gun and said he was going to

1

shoot the victim. Defendant also pointed his gun at the victim's mother, who tried to intervene. Sheriff's deputies later found defendant at a bar. When they searched the vehicle in which he had arrived, they found the gun defendant had pointed at the victim.

Defendant pleaded no contest to one count of making a criminal threat (Pen. Code, § 422, subd. (a))[1] and admitted an allegation that he personally used a firearm in committing the offense (§ 12022.5, subd. (a)). At sentencing, defense counsel asked the court to reduce the restitution fine recommended in the probation report based on defendant's indigency. The court sentenced defendant to six years in state prison. The court also imposed a restitution fine of $1,800 (§ 1202.4, subd. (b)), with an additional $1,800 parole revocation restitution fine, which was suspended pending revocation of parole (§ 1202.45). The court noted defendant would have "a limited ability to pay while in the Department of Corrections" because he would be "earning wages while in the Department of Corrections." The court also imposed a $40 court operations assessment (§ 1465.8) and $30 court facilities assessment (Gov. Code, § 70373).

## DISCUSSION

Relying on *Dueñas, supra*, 30 Cal.App.5th 1157 and its underlying authority, defendant challenges the $1,800 restitution fine, $40 court operations assessment, and $30 court facilities assessment, arguing the trial court erred when it failed to hold a hearing to determine defendant's ability to pay. The People respond that defendant has forfeited any objection, argue the restitution fine should be analyzed under the excessive fines clause of the Eighth Amendment to the United States Constitution, and assert that any error with respect to the other two assessments is harmless. Regardless of whether defendant forfeited the issue, we are not persuaded that the analysis used in *Dueñas* is correct.

---

[1] Undesignated statutory references are to the Penal Code.

*Dueñas* held that "although . . . section 1202.4 bars consideration of a defendant's ability to pay unless the judge is considering increasing the fee over the statutory minimum, the execution of any restitution fine imposed under this statute must be stayed unless and until the trial court holds an ability to pay hearing and concludes that the defendant has the present ability to pay the restitution fine." (*Dueñas, supra*, 30 Cal.App.5th at p. 1164.)

Later published authority has called the reasoning of *Dueñas* into question. As discussed in *People v. Hicks* (2019) 40 Cal.App.5th 320, review granted November 26, 2019, S258946 (*Hicks*), *Dueñas* is premised on authority involving a due process right of access to the courts, and a bar against incarceration for an involuntary failure to pay fees or fines. (*Hicks, supra*, at p. 325.) A postconviction imposition of fees and fines, however, does not interfere in any respect with the right of access to either the trial or appellate court. (*Id*. at p. 326.) The postconviction imposition of fees and fines also does not result in any additional incarceration, and therefore a liberty interest that due process would protect is not present. (*Ibid*.) Since the stated bases for the conclusion in *Dueñas* do not support it, the question is whether due process generally otherwise compels the same result. (*Hicks*, at p. 327.) The People have a fundamental interest in punishing criminal conduct, as to which indigency is not a defense (otherwise, defendants with financial means would suffer discrimination). (*Ibid*.) "For the reasons set forth above, we conclude that due process does not speak to this issue and that *Dueñas* was wrong to conclude otherwise. [Citations.]" (*Hicks*, at p. 329; see also *People v. Kingston* (2019) 41 Cal.App.5th 272, 279 [accord].)

Our Supreme Court is now poised to resolve this issue, having granted review in *People v. Kopp* (2019) 38 Cal.App.5th 47, review granted November 13, 2019, S257844, which agreed with the court's conclusion in *Dueñas* that due process requires the trial court to conduct an ability to pay hearing and ascertain a defendant's ability to pay before it imposes court operations and court facilities assessments under section 1465.8 and

3

Government Code section 70373, but not restitution fines under section 1202.4. (*Kopp*, at pp. 95-96.)

In the meantime, we join those authorities that have concluded the principles of due process do not require determination of a defendant's present ability to pay before imposing the fines and assessments at issue in *Dueñas*. (*People v. Kingston, supra*, 41 Cal.App.5th at p. 279; *People v. Hicks, supra*, 40 Cal.App.5th at p. 329, review granted Nov. 26, 2019, S258946; *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1069 (*Aviles*); *People v. Caceres* (2019) 39 Cal.App.5th 917, 928.) Having done so, we reject defendant's *Dueñas* challenge to the restitution fine.

To the extent defendant's challenge to the restitution fine is more properly assessed under the excessive fines clause of the United States Constitution, we likewise conclude the restitution fine is not excessive.

"The Eighth Amendment prohibits the imposition of excessive fines. The word 'fine,' as used in that provision, has been interpreted to be ' "a payment to a sovereign as punishment for some offense." ' " (*People v. Gutierrez* (2019) 35 Cal.App.5th 1027, 1040 (conc. opn. of Benke, J.).) The determination of whether a fine is excessive for purposes of the Eighth Amendment is based on the factors set forth in *United States v. Bajakajian* (1998) 524 U.S. 321 [141 L.Ed.2d 314] (*Bajakajian*). (*People ex rel. Lockyer v. R.J. Reynolds Tobacco Co.* (2005) 37 Cal.4th 707, 728.)

"The touchstone of the constitutional inquiry under the Excessive Fines Clause is the principle of proportionality: The amount of the forfeiture must bear some relationship to the gravity of the offense that it is designed to punish. [Citations.]" (*Bajakajian, supra*, 524 U.S. at p. 334.) "[A] punitive forfeiture violates the Excessive Fines Clause if it is grossly disproportional to the gravity of a defendant's offense." (*Ibid*.)

The California Supreme Court has summarized the factors in *Bajakajian* to determine if a fine is excessive in violation of the Eighth Amendment: "(1) the

4

defendant's culpability; (2) the relationship between the harm and the penalty; (3) the penalties imposed in similar statutes; and (4) the defendant's ability to pay." (*People ex rel. Lockyer v. R.J. Reynolds Tobacco Co., supra*, 37 Cal.4th at p. 728; see *People v. Gutierrez, supra*, 35 Cal.App.5th at pp. 1040-1041 (conc. opn. of Benke, J.).) "While ability to pay may be part of the proportionality analysis, it is not the only factor." (*Aviles, supra*, 39 Cal.App.5th at p. 1070, citing *Bajakajian, supra*, 524 U.S. at pp. 337-338.) We review the excessiveness of a fine challenged under the Eighth Amendment de novo. (*Aviles*, at p. 1072.)

Here, the $1,800 restitution fine imposed in defendant's case was not grossly disproportionate to the level of harm and defendant's culpability in the offense. Defendant pointed a gun at two different people and threatened to shoot one of them. The victim's mother stated that defendant "has put extreme fear and anxiety in [her] life," and noted that defendant could easily have shot her. The fine the court imposed was calculated using the suggested formula set out in section 1202.4, subdivision (b). It was not grossly disproportionate to impose such a fine in this instance. Accordingly, the $1,800 restitution fine imposed in this case is not excessive under the Eighth Amendment.

DISPOSITION

The judgment is affirmed.

    KRAUSE    , J.

We concur:

    RAYE    , P. J.

    BLEASE    , J.

5